UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| DUDLEY THOMPSON, <br><br> Plaintiff, <br><br> v. <br><br> THE COCA-COLA COMPANY, <br><br> Defendant. | **05-30168-KPN** <br> Civil Action No. _____ |

**FILING FEE PAID:**
RECEIPT # _306001_
AMOUNT $ _250.00_
BY DPTY CLK _MElq_
DATE _7/20/05_

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and (c), Defendant The Coca-Cola Company ("Coca-Cola" or the "Company") hereby removes to this Court the above-captioned action pending in the Superior Court Department of the Trial Court, Hampshire County, Massachusetts, Civil Action No. 05-00102A (the "Action"). Removal of this Action is proper for the following reasons:

### BASIS FOR REMOVAL

1.      Removal of this Action is proper under 28 U.S.C. § 1332 because there is complete diversity and the matter in controversy exceeds $75,000.00. Plaintiff Dudley Thompson ("Plaintiff") is a citizen of Massachusetts. Coca-Cola is a Delaware corporation with a principal place of business in Atlanta, Georgia. Coca-Cola is not a citizen of Massachusetts. Pursuant to 28 U.S.C. § 1441(a), (b) and (c), the Company may remove Plaintiff's claims based on state law, to this Court.

2.      The Company has contemporaneously filed the attached Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Hampshire Superior Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing of Notice of Removal is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

3.    This Action was filed by Plaintiff in Hampshire Superior Court on or about May 28, 2005. The Sheriff made service on the Company on or about July 8, 2005. In accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered by Suffolk Superior Court, including a true and accurate copy of the Summons and Complaint, are attached hereto as Exhibit B.

4.    This Notice of Removal is filed with this Court on a timely basis, as required by 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's Complaint upon the Company. Likewise, this Notice is being filed within thirty days of the Company's earliest date of actual notice of Plaintiff's Complaint, as the time of service is the first time the Company had possession of a copy of Plaintiff's Complaint.

WHEREFORE, The Coca-Cola Company respectfully requests that this Action proceed in this Court as properly removed hereto.

Respectfully submitted,

THE COCA-COLA COMPANY

By its attorneys,

HOLLAND & KNIGHT LLP

Steven H. Wright (BBO No. 535185
Damon P. Hart (BBO No. 644586
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: July 11, 2005

2

## CERTIFICATE OF SERVICE

I certify that on this **19** day of July, 2005, a true copy of the foregoing document has been furnished by UPS overnight courier to the following attorney of record:

Michael O. Shea, Esq.
Law Office of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095

Damon P. Hart

# 3068206_v1

3

EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, ss.                                            SUPERIOR COURT DEPARTMENT

| | |
|---|---|
| DUDLEY THOMPSON, | |
| Plaintiff, | |
| v. | |
| THE COCA-COLA COMPANY, | Civil Docket No. HSCV2005-001020-A |
| Defendant. | |

## NOTICE OF FILING NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE SUPERIOR COURT

NOTICE IS HEREBY GIVEN that on the **19** day of July 2005, Defendant The Coca-

Cola Company filed a Notice of Removal of this action in the United States District Court for the

District of Massachusetts, Western Division.  A true and accurate copy of the Notice of Removal

so filed is attached hereto as Exhibit 1.  Therefore, Defendant respectfully requests that this

Court proceed no further in this matter.

Respectfully submitted,

THE COCA-COLA COMPANY

By its attorneys,

HOLLAND & KNIGHT LLP

Steven H. Wright (BBO No. 535185
Damon P. Hart (BBO No. 644586
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated:  July **19**, 2005

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-00102A | Trial Court of Massachusetts Superior Court Department County: Hampshire |
|---|---|---|

| PLAINTIFF(S) Dudley Thompson | DEFENDANT(S) The Coca-Cola Company |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (413) 596-8005 Michael O'Shea, Esq. 451 Main Street, Wilbraham MA 01095 Board of Bar Overseers number: BBO # 555474 | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- ☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ........................................................... $..............
  2. Total Doctor expenses ............................................................ $..............
  3. Total chiropractic expenses ...................................................... $..............
  4. Total physical therapy expenses .................................................. $..............
  5. Total other expenses (describe) .................................................. $..............
                                                                        Subtotal $..............
B. Documented lost wages and compensation to date ..................................... $..............
C. Documented property damages to date ............................................... $..............
D. Reasonably anticipated future medical and hospital expenses ........................ $..............
E. Reasonably anticipated lost wages ................................................. $..............
F. Other documented items of damages (describe)

                                                                                    $..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                    $..............
                                                                        TOTAL $..............

**TORT CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Employment discrimination based on race, color, ethnicity and national origin and retaliation. Damages include lost wages and benefits, emotional distress, among others

In excess of
TOTAL $ 25,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/13/05

AOTC-6 mic005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS.

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No.

HSCV2005-00102-A

_Dudley Thompson_

, Plaintiff (s)

v.

SUMMONS

_The Coca-Cola Company_

, Defendant (s)

A TRUE AND
ATTESTED COPY
ALBERT M. RAM
DEPUTY SHERIFF

_July 1 2005_

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant : _The Coca-Cola Company_

    You are hereby summoned and required to serve upon _Michael O. Shea, Esq.,_ plaintiff    attorney, whose address is _451 Main St., Wilbraham MA 01095_  . an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff    attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

                  Barbara J. Rouse
Witness, ~~Suzanne V. DelVecchio~~ Esquire at Northampton, the    _28th_ . day of    _June_                        , in the year of our Lord two thousand

_Harry Jekanoski. Jr._

CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort — Motor Vehicle Tort — Contract — Equitable relief.

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, ss.

SUPERIOR COURT
DOCKET NO.: 05-00102 A

DUDLEY THOMPSON,

      Plaintiff

v.

THE COCA-COLA COMPANY,

      Defendant

## COMPLAINT AND JURY DEMAND

### Parties

1.  The Plaintiff, Dudley Thompson, is a natural citizen residing at 360 Riverglade Drive, Amherst, Hampshire County, Massachusetts.

2.  The Defendant, The Coca Cola Company (hereinafter "Defendant"), a corporation with a principle address of 1 Coca-Cola Plaza, Atlanta, Georgia. The Defendant operates a facility located at 45 Industrial Drive, Northampton, Hampshire County, Massachusetts.

### Facts

3.  The Plaintiff was employed by the Defendant in or about June 2000 as a full-time Production Supervisor.

4.  During the Plaintiff's employment with the Defendant, the Plaintiff performed his job responsibilities well and received pay raises.

5.  The Plaintiff is an African-American male, born in Jamaica. The Plaintiff believes that

he was discriminated against and harassed based on his race and color, ethnicity, national origin and ancestry and was subjected to harassment and retaliation by the Defendant.

6.    The Plaintiff is aware of negative and discriminatory statements made by members of management and other employees regarding race, ethnicity, color, national origin and ancestry.  In one example, the Plaintiff was aware that comments were being made by employees about Jamaicans.  A Caucasian co-worker/supervisor, Donna Harris, apologized for making such derogatory statements, and referred to herself as a "Jamaican Bimbo."

7.    Jerry Goodsell, a manager, made derogatory statements about the Plaintiff's African-American and Jamaican heritage.  In one example, Jerry Goodsell criticized the Plaintiff's taste in African-American music.

8.    The Plaintiff reported the discriminatory conduct to management and was harassed and retaliated against.  Upon reporting the discriminatory conduct, the Plaintiff's work environment became hostile.  Jerry Goodsell said to the Plaintiff "I'll deal with you" and would scream at the Plaintiff often without reason.

9.    Throughout the course of the Plaintiff's employment, Caucasian employees were treated differently and more favorably than African-American employees by the Defendant in regard to the terms and conditions of their employment.

10.    In, or about December 2003, the Plaintiff verbally informed management that he was using pre-approved vacation time to visit Jamaica and have dental work performed there. This was acceptable to management of the Defendant.

11.    On or about January 7, 2004, the Plaintiff received a letter from the Defendant stating that he allegedly failed to follow protocol for scheduling vacations, and was being placed

2

on unpaid suspension pending an investigation.

12.    Throughout the duration of the Plaintiff's employment with the Defendant, the Plaintiff
was never previously required to get written approval for vacation time.

13.    On or about January 23, 2004, the Plaintiff was terminated from employment for alleged
unauthorized absences.

14.    Other employees were treated differently than the Plaintiff in regard to disciplinary
action. For example, Donna Harris went on vacation without notifying anyone and was
not reprimanded in any way. Donna also approved some work as completed when it was
not yet completed, and was never reprimanded.

15.    The Plaintiff believes that the Defendant discriminated against him and terminated his
employment based on his race and color, ethnicity, national origin and ancestry and was
subjected to harassment and retaliation by the Defendant. The Plaintiff has complied
with the prerequisites to filing suit.

## Count I
### (M.G.L. c. 151B–Race/Color Discrimination-Harassment and Termination)

16.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

17.    The discriminatory treatment of the Plaintiff, as described herein, violates the express
provisions of M.G.L. c. 151B with regard to race/color, ethnicity/ancestry and national
origin.

18.    There is direct and circumstantial evidence of bias on the part of the Defendant,
including, but not limited to, the evidence set forth above.

19.    This environment and the conditions imposed upon the Plaintiff related to race/color,
ethnicity/ancestry and national origin and adversely affected the terms and conditions of

his employment.

20.  The Plaintiff was severely and adversely affected by the Defendant's conduct and the

failure of the Defendant to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests a judgment against

the Defendant and for all damages available pursuant to M.G.L. c. 151B.

**Count II**
**(M.G.L. c. 151B—Ethnicity/Ancestry Discrimination–Harassment and Termination)**

21.  ~~The Plaintiff incorporates herein the previous allegations set forth in this Complaint.~~

22.  The discriminatory treatment of the Plaintiff, as described herein violates the express

provisions of M.G.L. c. 151B with regard to race/color, ethnicity/ancestry and national

origin.

23.  There is direct and circumstantial evidence of bias on the part of the Defendant,

including, but not limited to, statements made by management regarding race/color,

ethnicity/ancestry and national origin.

24.  This environment and the conditions imposed upon the Plaintiff related to race/color,

ethnicity/ancestry and national origin and adversely affected the terms and conditions of

his employment.

25.  The Plaintiff was severely and adversely affected by the Defendant's conduct and the

failure of the Defendant to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests a judgment against

the Defendant and for all damages available pursuant to M.G.L. c. 151B.

4

## Count III
### (M.G.L. c. 151B—National Origin Discrimination-Harassment and Termination)

26.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

27.    The discriminatory treatment of the Plaintiff, as described herein, violates the express

provisions of M.G.L. c. 151B with regard to race/color, ethnicity/ancestry and national

origin.

28.    There is direct and circumstantial evidence of bias on the part of the Defendant,

including, but not limited to, statements made by management regarding race/color,

ethnicity/ancestry and national origin.

29.    This environment and the conditions imposed upon the Plaintiff related to race/color,

ethnicity/ancestry and national origin and adversely affected the terms and conditions of

his employment.

30.    The Plaintiff was severely and adversely affected by the Defendant's conduct and the

failure of the Defendant to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests a judgment against

the Defendant and for all damages available pursuant to M.G.L. c. 151B.


## Count IV
### (M.G.L. c. 151B –Retaliation)

31.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

32.    The Plaintiff was treated differently as to the terms and conditions of his employment and

based upon his reporting of and/or resisting race and color, ethnicity, national origin and

ancestry discrimination and harassment.

33.    The Plaintiff believes that he was terminated, at least in part, based upon his reporting of

and/or resisting said discrimination and harassment.

34. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of his employment.

35. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not continue.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

---

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE IN THE SUPERIOR COURT.**

Respectfully submitted,

The Plaintiff
DUDLEY THOMPSON
By His Attorney

MICHAEL O. SHEA, ESQUIRE                         Date: May 13, 2005
BBO # 555474
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095

6

## CERTIFICATE OF SERVICE

I certify that on this ᵖ⁹ day of July, 2005, a true copy of the foregoing document has been furnished by UPS overnight courier to the following attorney of record:

> Michael O. Shea, Esq.
> Law Office of Michael O. Shea, P.C.
> 451 Main Street
> Wilbraham, MA 01095

Damon P. Hart

# 3068647_v1

2

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DUDLEY THOMPSON

## DEFENDANTS

THE COCA–COLA COMPANY

# 05-30168-KPN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   **Hampshire**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
         TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael O. Shea, Esq.
Law Office of Michael O. Shea, P.C.
451 Main St., Wilbraham, MA 01095
(413) 596-8005

ATTORNEYS (IF KNOWN) Steven H. Wright; Damon P. Hart
Holland & Knight LLP
10 St. James Ave., Boston, MA 02116
(617) 523-2700

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1  U.S. Government
     Plaintiff

☐ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☒ 4  Diversity
     (Indicate Citizenship of Parties
     in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                              AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN                    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
     Proceeding

☒ 2 Removed from
     State Court

☐ 3 Remanded from
     Appellate Court

☐ 4 Reinstated or
     Reopened

☐ 5 Transferred from
     another district
     (specify)

☐ 6 Multidistrict
     Litigation

☐ 7 Appeal to District
     Judge from
     Magistrate
     Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a case arising out of diversity under 28 U.S.C. 1332, in which the Plaintiff claims race discrimination and retaliation.

## VII. REQUESTED IN
## COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ YES    ☐ NO

## VIII. RELATED CASE(S) (See instructions):
## IF ANY

JUDGE _____

DOCKET NUMBER _____

DATE
July 19, 2005

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)___Dudley Thompson v._____
_____The Coca-Cola Company_____

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
    COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).    **05 - 30168 - KPN**

    ___    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    X      II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

    ___    III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

    ___    IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

    ___    V.    150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
    HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    _____

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
    COURT?

                                                        YES            (NO)

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST?   (SEE 28 USC §2403)

                                                        YES            (NO)

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                        YES            NO

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
    28 USC §2284?

                                                        YES            (NO)

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
    COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
    SAME DIVISION?. - (SEE LOCAL RULE 40.1(D)).

                                                        (YES)          NO

    A.    IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

          EASTERN DIVISION            CENTRAL DIVISION            (WESTERN DIVISION)

    B.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
          GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

          EASTERN DIVISION            CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME_____Damon P. Hart_____
ADDRESS____Holland & Knight, LLP, 10 St. James Ave., Boston, MA 02116_____
TELEPHONE NO.____(617) 523-2700_____

(Cover sheet local.wpd - 11/27/00)