FILED
IN CLERK'S OFFICE

2005 JUL 27  A II: 2?

U.S. DISTRICT CT
DISTRICT OF

# COMMONWEALTH OF MASSACHUSETTS

**Hampshire, ss**

**Superior Court**
**Civil Action No. 2005-102**

## CERTIFICATION

I , Harry Jekanowski, Jr., Clerk of the Superior Court for the County of Hampshire do hereby

certify that the attached is a true copy of all pleadings and docket entries.

Dudley Thompson

VS.

The Coca-Cola Company



Witness my hand and the seal of the

Superior Court Department of the Trial

Court this 26th day of July 2005.

Harry Jekanowski, Jr.
Clerk/Magistrate

## HSCV2005-00102
## Thompson v The Coca-Cola Company

| File Date | 05/23/2005 | Status | Disposed: transfered to other court (dtrans) |
|---|---|---|---|
| Status Date | 07/26/2005 | Session | A - Civil A- CtRm 2-3rd fl |
| Origin | 1 | Case Type | B22 - Employment Discrimination |
| Lead Case | | Track | F |

| Service | 08/21/2005 | Answer | 10/20/2005 | Rule12/19/20 | 10/20/2005 |
|---|---|---|---|---|---|
| Rule 15 | 10/20/2005 | Discovery | 03/19/2006 | Rule 56 | 04/18/2006 |
| Final PTC | 05/18/2006 | Disposition | 07/17/2006 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Dudley Thompson
Active 05/23/2005

**Private Counsel 555474**
Michael O Shea
Law Office of Michael O. Shea
451 Main Street
Wilbraham, MA 01095-
Phone: 413-596-8005
Fax: 413-596-8095
Active 05/23/2005 Notify

**Defendant**
The Coca-Cola Company
Served: 07/01/2005
Served (answr pending) 07/11/2005

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/23/2005 | 1.0 | Complaint with jury demand & civil action cover sheet filed . |
| 05/23/2005 | | Origin 1, Type B22, Track F. |
| 05/23/2005 | | Case selected for review pursuant to ST.1996.c358,s.5 |
| 05/23/2005 | | Tracking: origin/track set and mailed to Attorney Shea. |
| 07/11/2005 | 2.0 | SERVICE RETURNED:  The Coca-Cola Company(Defendant) |
| 07/26/2005 | 3.0 | Notice for Removal to the United States District Court filed by The Coca-Cola Company |
| 07/26/2005 | | Case REMOVED this date to US District Court of Massachusetts . |
| | | Certifeid copies of all pleadings mailed to U.S. District Court. |

### EVENTS

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05 102 | Trial Court of Massachusetts Superior Court Department County: Hampshire |
|---|---|---|

**PLAINTIFF(S)** Dudley Thompson

**DEFENDANT(S)** The Coca-Cola Company

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** (413) 596-8005
Michael O. Shea, Esq.
451 Main Street, Wilbraham MA 01095
Board of Bar Overseers number: BBD # 555474

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:

- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. B22

TYPE OF ACTION (specify) Employment Discrimination

TRACK (F)

IS THIS A JURY CASE? (X) Yes ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................. $ ...........
2. Total Doctor expenses ................................................... $ ...........
3. Total chiropractic expenses ............................................. $ ...........
4. Total physical therapy expenses ........................................ $ ...........
5. Total other expenses (describe) ........................................ $ ...........
                                                            Subtotal $ ...........

B. Documented lost wages and compensation to date ....................... $ ...........
C. Documented property damages to date .................................. $ ...........
D. Reasonably anticipated future medical and hospital expenses .......... $ ...........
E. Reasonably anticipated lost wages .................................... $ ...........
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                 $ ...........
                                                         TOTAL $ ...........

HAMPSHIRE SUPERIOR CRT
HARRY JEKANOWSKI JR
CLERK

## ~~TORT~~ CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Employment discrimination based on race, color, ethnicity and national origin and retaliation. Damages include lost wages and benefits, emotional distress, among others

In excess of
TOTAL $ 25,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT     N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____     DATE: 5/13/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

05 102

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, ss.                                         SUPERIOR COURT
                                                       DOCKET NO.:

---

DUDLEY THOMPSON,

              Plaintiff

v.


THE COCA-COLA COMPANY,

              Defendant

---

## COMPLAINT AND JURY DEMAND

### Parties

1.   The Plaintiff, Dudley Thompson, is a natural citizen residing at 360 Riverglade Drive,

     Amherst, Hampshire County, Massachusetts.

2.   The Defendant, The Coca Cola Company (hereinafter "Defendant"), a corporation with a

     principle address of 1 Coca-Cola Plaza, Atlanta, Georgia.  The Defendant operates a

     facility located at 45 Industrial Drive, Northampton, Hampshire County, Massachusetts.

### Facts

3.   The Plaintiff was employed by the Defendant in or about June 2000 as a full-time

     Production Supervisor.

4.   During the Plaintiff's employment with the Defendant, the Plaintiff performed his job

     responsibilities well and received pay raises.

5.   The Plaintiff is an African-American male, born in Jamaica.  The Plaintiff believes that

he was discriminated against and harassed based on his race and color, ethnicity, national origin and ancestry and was subjected to harassment and retaliation by the Defendant.

6. The Plaintiff is aware of negative and discriminatory statements made by members of management and other employees regarding race, ethnicity, color, national origin and ancestry. In one example, the Plaintiff was aware that comments were being made by employees about Jamaicans. A Caucasian co-worker/supervisor, Donna Harris, apologized for making such derogatory statements, and referred to herself as a "Jamaican Bimbo."

7. Jerry Goodsell, a manager, made derogatory statements about the Plaintiff's African-American and Jamaican heritage. In one example, Jerry Goodsell criticized the Plaintiff's taste in African-American music.

8. The Plaintiff reported the discriminatory conduct to management and was harassed and retaliated against. Upon reporting the discriminatory conduct, the Plaintiff's work environment became hostile. Jerry Goodsell said to the Plaintiff "I'll deal with you" and would scream at the Plaintiff often without reason.

9. Throughout the course of the Plaintiff's employment, Caucasian employees were treated differently and more favorably than African-American employees by the Defendant in regard to the terms and conditions of their employment.

10. In or about December 2003, the Plaintiff verbally informed management that he was using pre-approved vacation time to visit Jamaica and have dental work performed there. This was acceptable to management of the Defendant.

11. On or about January 7, 2004, the Plaintiff received a letter from the Defendant stating that he allegedly failed to follow protocol for scheduling vacations, and was being placed

on unpaid suspension pending an investigation.

12.    Throughout the duration of the Plaintiff's employment with the Defendant, the Plaintiff
        was never previously required to get written approval for vacation time.

13.    On or about January 23, 2004, the Plaintiff was terminated from employment for alleged
        unauthorized absences.

14.    Other employees were treated differently than the Plaintiff in regard to disciplinary
        action.  For example, Donna Harris went on vacation without notifying anyone and was
        not reprimanded in any way.  Donna also approved some work as completed when it was
        not yet completed, and was never reprimanded.

15.    The Plaintiff believes that the Defendant discriminated against him and terminated his
        employment based on his race and color, ethnicity, national origin and ancestry and was
        subjected to harassment and retaliation by the Defendant.  The Plaintiff has complied
        with the prerequisites to filing suit.

### Count I
### (M.G.L. c. 151B–Race/Color Discrimination-Harassment and Termination)

16.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

17.    The discriminatory treatment of the Plaintiff, as described herein, violates the express
        provisions of M.G.L. c. 151B with regard to race/color, ethnicity/ancestry and national
        origin.

18.    There is direct and circumstantial evidence of bias on the part of the Defendant,
        including, but not limited to, the evidence set forth above.

19.    This environment and the conditions imposed upon the Plaintiff related to race/color,
        ethnicity/ancestry and national origin and adversely affected the terms and conditions of

his employment.

20.  The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests a judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

## Count II
### (M.G.L. c. 151B—Ethnicity/Ancestry Discrimination-Harassment and Termination)

21.  The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

22.  The discriminatory treatment of the Plaintiff, as described herein violates the express provisions of M.G.L. c. 151B with regard to race/color, ethnicity/ancestry and national origin.

23.  There is direct and circumstantial evidence of bias on the part of the Defendant, including, but not limited to, statements made by management regarding race/color, ethnicity/ancestry and national origin.

24.  This environment and the conditions imposed upon the Plaintiff related to race/color, ethnicity/ancestry and national origin and adversely affected the terms and conditions of his employment.

25.  The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests a judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

## Count III
## (M.G.L. c. 151B—National Origin Discrimination-Harassment and Termination)

26.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

27.    The discriminatory treatment of the Plaintiff, as described herein, violates the express provisions of M.G.L. c. 151B with regard to race/color, ethnicity/ancestry and national origin.

28.    There is direct and circumstantial evidence of bias on the part of the Defendant, including, but not limited to, statements made by management regarding race/color, ethnicity/ancestry and national origin.

29.    This environment and the conditions imposed upon the Plaintiff related to race/color, ethnicity/ancestry and national origin and adversely affected the terms and conditions of his employment.

30.    The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests a judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

## Count IV
## (M.G.L. c. 151B –Retaliation)

31.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

32.    The Plaintiff was treated differently as to the terms and conditions of his employment and based upon his reporting of and/or resisting race and color, ethnicity, national origin and ancestry discrimination and harassment.

33.    The Plaintiff believes that he was terminated, at least in part, based upon his reporting of and/or resisting said discrimination and harassment.

34. This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of his employment.

35. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not continue.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE IN THE SUPERIOR COURT.**

Respectfully submitted,

The Plaintiff
DUDLEY THOMPSON
By His Attorney

Date: May 13, 2005

MICHAEL O. SHEA, ESQUIRE
BBO # 555474
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095

6

**2**

COMMONWEALTH OF M͟ SACHUSETTS
HAMPSHIRE, SS.

͟uperior Court Department of the
Trial Court of the Commonwealth
Civil Action

No.    **05 102**
HSCV2005-00102-A

SUMMONS

*Dudley Thompson*

, Plaintiff (s)

v.

*The Coca-Cola Company*

, Defendant (s)

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant  : *The Coca-Cola Company*

    You are hereby summoned and required to serve upon *Michael O. Shea, Esq.*, plaintiff    attorney, whose address is *451 Main St., Wilbraham MA 010__* an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff    attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff    which arises out of the transaction or occurrence that is the subject matter of the plaintiff    claim or you will thereafter be barred from making such claim in any other action.

    Barbara J. Rouse
Witness, ꭗꭗꭗꭗꭗ ꭗ ꭗꭗ ꭗꭗꭗꭗꭗꭗ Esquire at Northampton, the    *28th*
day of    *June*    , in the year of our Lord two thousand

*Harry Jekanauski Jr.*

CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort – Motor Vehicle Tort – Contract – Equitable relief.

3.

05 102

## COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, ss.                          SUPERIOR COURT DEPARTMENT

DUDLEY THOMPSON,

Plaintiff,

v.

THE COCA-COLA COMPANY,                  Civil Docket No. HSCV2005-001020-A

Defendant.

## NOTICE OF FILING NOTICE OF REMOVAL

TO:    THE HONORABLE JUDGES OF THE SUPERIOR COURT

NOTICE IS HEREBY GIVEN that on the **19** day of July 2005, Defendant The Coca-

Cola Company filed a Notice of Removal of this action in the United States District Court for the

District of Massachusetts, Western Division.  A true and accurate copy of the Notice of Removal

so filed is attached hereto as Exhibit 1.  Therefore, Defendant respectfully requests that this

Court proceed no further in this matter.

Respectfully submitted,

THE COCA-COLA COMPANY

By its attorneys,

HOLLAND & KNIGHT LLP

Steven H. Wright (BBO No. 535185
Damon P. Hart (BBO No. 644586
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: July **19**, 2005

2005 JUL 26  A  8: 51

HAMPSHIRE SUPERIOR CRT
HARRY JEKANOWSKI JR
CLERK

## CERTIFICATE OF SERVICE

I certify that on this ___ day of July, 2005, a true copy of the foregoing document has been furnished by UPS overnight courier to the following attorney of record:

Michael O. Shea, Esq.
Law Office of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095

Damon P. Hart

# 3068647_v1

2



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION



2005 JUL 20  A 10: 39

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| DUDLEY THOMPSON, | |
| Plaintiff, | |
| v. | |
| THE COCA-COLA COMPANY, | |
| Defendant. | |

Civil Action No. _____

# 05 - 30168 - KPN

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and (c), Defendant The Coca-Cola Company ("Coca-Cola" or the "Company") hereby removes to this Court the above-captioned action pending in the Superior Court Department of the Trial Court, Hampshire County, Massachusetts, Civil Action No. 05-00102A (the "Action"). Removal of this Action is proper for the following reasons:

## BASIS FOR REMOVAL

1.      Removal of this Action is proper under 28 U.S.C. § 1332 because there is complete diversity and the matter in controversy exceeds $75,000.00. Plaintiff Dudley Thompson ("Plaintiff") is a citizen of Massachusetts. Coca-Cola is a Delaware corporation with a principal place of business in Atlanta, Georgia. Coca-Cola is not a citizen of Massachusetts. Pursuant to 28 U.S.C. § 1441(a), (b) and (c), the Company may remove Plaintiff's claims based on state law, to this Court.

2.      The Company has contemporaneously filed the attached Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Hampshire Superior Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing of Notice of Removal is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

3.    This Action was filed by Plaintiff in Hampshire Superior Court on or about

May 28, 2005. The Sheriff made service on the Company on or about July 8, 2005. In

accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered by Suffolk

Superior Court, including a true and accurate copy of the Summons and Complaint, are attached

hereto as Exhibit B.

4.    This Notice of Removal is filed with this Court on a timely basis, as required by

28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's

Complaint upon the Company. Likewise, this Notice is being filed within thirty days of the

Company's earliest date of actual notice of Plaintiff's Complaint, as the time of service is the

first time the Company had possession of a copy of Plaintiff's Complaint.

   **WHEREFORE**, The Coca-Cola Company respectfully requests that this Action proceed

in this Court as properly removed hereto.

Respectfully submitted,

THE COCA-COLA COMPANY

By its attorneys,

HOLLAND & KNIGHT LLP

Steven H. Wright (BBO No. 535185
Damon P. Hart (BBO No. 644586
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: July 1, 2005

i hereby certify on 7/20/05 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☑ original filed in my office on  7/20/05
   Sarah A. Thornton
   Clerk, U.S. District Court
   District of Massachusetts
By: Maria Grimaldi cey
Deputy Clerk

2

## CERTIFICATE OF SERVICE

I certify that on this **19** day of July, 2005, a true copy of the foregoing document has been furnished by UPS overnight courier to the following attorney of record:

> Michael O. Shea, Esq.
> Law Office of Michael O. Shea, P.C.
> 451 Main Street
> Wilbraham, MA 01095

Damon P. Hart

# 3068206_v1

3



| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-00102A | Trial Court of Massachusetts Superior Court Department County: Hampshire |
|---|---|---|

**PLAINTIFF(S)**
Dudley Thompson

**DEFENDANT(S)**
The Coca-Cola Company

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** (413) 596-8005
Michael O. Shea, Esq.
451 Main Street, Wilbraham MA 01095
Board of Bar Overseers number: BBO # 555474

**ATTORNEY (if known)**

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231,s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)  TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B22 | Employment Discrimination (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......................................... $............
2. Total Doctor expenses ........................................... $............
3. Total chiropractic expenses ..................................... $............
4. Total physical therapy expenses ................................ $............
5. Total other expenses (describe) ................................ $............
                                                    Subtotal $............
B. Documented lost wages and compensation to date .............. $............
C. Documented property damages to date .......................... $............
D. Reasonably anticipated future medical and hospital expenses ... $............
E. Reasonably anticipated lost wages ............................. $............
F. Other documented items of damages (describe)
                                                              $............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                              $............
                                                      TOTAL $............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Employment discrimination based on race, color, ethnicity
and national origin and retaliation. Damages include
lost wages and benefits, emotional distress, among others

In excess of
TOTAL $ 25,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT   N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/13/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS
HAMPSHIRE, SS.

Dudley Thompson

, Plaintiff (s)

v.

The Coca-Cola Company

, Defendant (s)

Superior Court Department of the
Trial Court of the Commonwealth
Civil Action

No.
HSCV2005-00102-A

**SUMMONS**

A TRUE AND
ATTESTED COPY
DEPUTY SHERIFF

July 1 2005

To the above-named Defendant : The Coca-Cola Company

You are hereby summoned and required to serve upon Michael O. Shea, Esq., plaintiff   attorney, whose address is 451 Main St., Wilbraham MA 01095 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Northampton, either before service upon plaintiff   attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff   which arises out of the transaction or occurrence that is the subject matter of the plaintiff   claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse
Witness, ~~Suzanne V. DelVecchio,~~ Esquire at Northampton, the   28th
day of          June                                    , in the year of our Lord two thousand

*Harry Jekanauski, Jr.*

CLERK-MAGISTRATE

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. Circle type of action involved. Tort — Motor Vehicle Tort — Contract — Equitable relief.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

COMMONWEALTH OF MASSACHUSETTS

HAMPSHIRE, ss.

SUPERIOR COURT
DOCKET NO.: 05-00102 A

| |
|---|
| DUDLEY THOMPSON, |
| Plaintiff |
| v. |
| THE COCA-COLA COMPANY, |
| Defendant |

## COMPLAINT AND JURY DEMAND

### Parties

1. The Plaintiff, Dudley Thompson, is a natural citizen residing at 360 Riverglade Drive, Amherst, Hampshire County, Massachusetts.

2. The Defendant, The Coca Cola Company (hereinafter "Defendant"), a corporation with a principle address of 1 Coca-Cola Plaza, Atlanta, Georgia. The Defendant operates a facility located at 45 Industrial Drive, Northampton, Hampshire County, Massachusetts.

### Facts

3. The Plaintiff was employed by the Defendant in or about June 2000 as a full-time Production Supervisor.

4. During the Plaintiff's employment with the Defendant, the Plaintiff performed his job responsibilities well and received pay raises.

5. The Plaintiff is an African-American male, born in Jamaica. The Plaintiff believes that

he was discriminated against and harassed based on his race and color, ethnicity, national origin and ancestry and was subjected to harassment and retaliation by the Defendant.

6.  The Plaintiff is aware of negative and discriminatory statements made by members of management and other employees regarding race, ethnicity, color, national origin and ancestry. In one example, the Plaintiff was aware that comments were being made by employees about Jamaicans. A Caucasian co-worker/supervisor, Donna Harris, apologized for making such derogatory statements, and referred to herself as a "Jamaican Bimbo."

7.  Jerry Goodsell, a manager, made derogatory statements about the Plaintiff's African-American and Jamaican heritage. In one example, Jerry Goodsell criticized the Plaintiff's taste in African-American music.

8.  The Plaintiff reported the discriminatory conduct to management and was harassed and retaliated against. Upon reporting the discriminatory conduct, the Plaintiff's work environment became hostile. Jerry Goodsell said to the Plaintiff "I'll deal with you" and would scream at the Plaintiff often without reason.

9.  Throughout the course of the Plaintiff's employment, Caucasian employees were treated differently and more favorably than African-American employees by the Defendant in regard to the terms and conditions of their employment.

10. In or about December 2003, the Plaintiff verbally informed management that he was using pre-approved vacation time to visit Jamaica and have dental work performed there. This was acceptable to management of the Defendant.

11. On or about January 7, 2004, the Plaintiff received a letter from the Defendant stating that he allegedly failed to follow protocol for scheduling vacations, and was being placed

2

on unpaid suspension pending an investigation.

12.    Throughout the duration of the Plaintiff's employment with the Defendant, the Plaintiff was never previously required to get written approval for vacation time.

13.    On or about January 23, 2004, the Plaintiff was terminated from employment for alleged unauthorized absences.

14.    Other employees were treated differently than the Plaintiff in regard to disciplinary action. For example, Donna Harris went on vacation without notifying anyone and was not reprimanded in any way. Donna also approved some work as completed when it was not yet completed, and was never reprimanded.

15.    The Plaintiff believes that the Defendant discriminated against him and terminated his employment based on his race and color, ethnicity, national origin and ancestry and was subjected to harassment and retaliation by the Defendant. The Plaintiff has complied with the prerequisites to filing suit.

<u>Count I</u>
(M.G.L. c. 151B–Race/Color Discrimination-Harassment and Termination)

16.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

17.    The discriminatory treatment of the Plaintiff, as described herein, violates the express provisions of M.G.L. c. 151B with regard to race/color, ethnicity/ancestry and national origin.

18.    There is direct and circumstantial evidence of bias on the part of the Defendant, including, but not limited to, the evidence set forth above.

19.    This environment and the conditions imposed upon the Plaintiff related to race/color, ethnicity/ancestry and national origin and adversely affected the terms and conditions of

3

his employment.

20.    The Plaintiff was severely and adversely affected by the Defendant's conduct and the

failure of the Defendant to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests a judgment against

the Defendant and for all damages available pursuant to M.G.L. c. 151B.

### Count II
### (M.G.L. c. 151B—Ethnicity/Ancestry Discrimination-Harassment and Termination)

21.    The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

22.    The discriminatory treatment of the Plaintiff, as described herein violates the express

provisions of M.G.L. c. 151B with regard to race/color, ethnicity/ancestry and national

origin.

23.    There is direct and circumstantial evidence of bias on the part of the Defendant,

including, but not limited to, statements made by management regarding race/color,

ethnicity/ancestry and national origin.

24.    This environment and the conditions imposed upon the Plaintiff related to race/color,

ethnicity/ancestry and national origin and adversely affected the terms and conditions of

his employment.

25.    The Plaintiff was severely and adversely affected by the Defendant's conduct and the

failure of the Defendant to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests a judgment against

the Defendant and for all damages available pursuant to M.G.L. c. 151B.

4

<u>Count III</u>
**(M.G.L. c. 151B—National Origin Discrimination-Harassment and Termination)**

26. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

27. The discriminatory treatment of the Plaintiff, as described herein, violates the express provisions of M.G.L. c. 151B with regard to race/color, ethnicity/ancestry and national origin.

28. There is direct and circumstantial evidence of bias on the part of the Defendant, including, but not limited to, statements made by management regarding race/color, ethnicity/ancestry and national origin.

29. This environment and the conditions imposed upon the Plaintiff related to race/color, ethnicity/ancestry and national origin and adversely affected the terms and conditions of his employment.

30. The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to stop this conduct.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests a judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

<u>Count IV</u>
**(M.G.L. c. 151B —Retaliation)**

31. The Plaintiff incorporates herein the previous allegations set forth in this Complaint.

32. The Plaintiff was treated differently as to the terms and conditions of his employment and based upon his reporting of and/or resisting race and color, ethnicity, national origin and ancestry discrimination and harassment.

33. The Plaintiff believes that he was terminated, at least in part, based upon his reporting of and/or resisting said discrimination and harassment.

5

34.  This environment and the conditions imposed upon the Plaintiff related to and adversely affected the terms and conditions of his employment.

35.  The Plaintiff was severely and adversely affected by the Defendant's conduct and the failure of the Defendant to take reasonable steps to ensure that this discriminatory conduct would not continue.

WHEREFORE, the Plaintiff, Dudley Thompson, respectfully requests judgment against the Defendant and for all damages available pursuant to M.G.L. c. 151B.

---

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS SO TRIABLE IN THE SUPERIOR COURT.**

Respectfully submitted,

The Plaintiff
DUDLEY THOMPSON
By His Attorney

MICHAEL O. SHEA, ESQUIRE
BBO # 555474
Law Office Of Michael O. Shea, P.C.
451 Main Street
Wilbraham, MA 01095
Telephone: (413) 596-8005
Facsimile: (413) 596-8095

Date: May 13, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DUDLEY THOMPSON,

               Plaintiff,

    v.

THE COCA-COLA COMPANY,

               Defendant.

Civil Action No. _____

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and (c), Defendant The Coca-Cola Company ("Coca-Cola" or the "Company") hereby removes to this Court the above-captioned action pending in the Superior Court Department of the Trial Court, Hampshire County, Massachusetts, Civil Action No. 05-00102A (the "Action"). Removal of this Action is proper for the following reasons:

### BASIS FOR REMOVAL

1.      Removal of this Action is proper under 28 U.S.C. § 1332 because there is complete diversity and the matter in controversy exceeds $75,000.00. Plaintiff Dudley Thompson ("Plaintiff") is a citizen of Massachusetts. Coca-Cola is a Delaware corporation with a principal place of business in Atlanta, Georgia. Coca-Cola is not a citizen of Massachusetts. Pursuant to 28 U.S.C. § 1441(a), (b) and (c), the Company may remove Plaintiff's claims based on state law, to this Court.

2.      The Company has contemporaneously filed the attached Notice of Filing of Notice of Removal, pursuant to 28 U.S.C. § 1446(d), with the Clerk of the Hampshire Superior Court, and contemporaneously served both Notices on Plaintiff's counsel. The Notice of Filing of Notice of Removal is attached hereto as Exhibit A.

## TIMELINESS OF REMOVAL

3.    This Action was filed by Plaintiff in Hampshire Superior Court on or about

May 28, 2005. The Sheriff made service on the Company on or about July 8, 2005. In

accordance with 28 U.S.C. § 1446(a), all process, pleadings and orders entered by Suffolk

Superior Court, including a true and accurate copy of the Summons and Complaint, are attached

hereto as Exhibit B.

4.    This Notice of Removal is filed with this Court on a timely basis, as required by

28 U.S.C. § 1446(b), as it is being filed within thirty (30) days of the service of Plaintiff's

Complaint upon the Company.  Likewise, this Notice is being filed within thirty days of the

Company's earliest date of actual notice of Plaintiff's Complaint, as the time of service is the

first time the Company had possession of a copy of Plaintiff's Complaint.

**WHEREFORE**, The Coca-Cola Company respectfully requests that this Action proceed

in this Court as properly removed hereto.

Respectfully submitted,

THE COCA-COLA COMPANY

By its attorneys,

HOLLAND & KNIGHT LLP

Steven H. Wright (BBO No. 535185
Damon P. Hart (BBO No. 644586
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: July 1, 2005

2

## CERTIFICATE OF SERVICE

I certify that on this __19__ day of July, 2005, a true copy of the foregoing document has been furnished by UPS overnight courier to the following attorney of record:

> Michael O. Shea, Esq.
> Law Office of Michael O. Shea, P.C.
> 451 Main Street
> Wilbraham, MA 01095

Damon P. Hart

# 3068206_v1

3