UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

DUDLEY THOMPSON,

Plaintiff,

v.                                                          Civil Action No.  3:05CV30168

THE COCA-COLA COMPANY,

Defendant.

## DEFENDANT'S ANSWER TO COMPLAINT

The Coca-Cola Company ("Coca-Cola") hereby answers the correspondingly numbered

paragraphs of the Plaintiff Dudley Thompson's ("Thompson") Complaint as follows:

1.      The Coca-Cola Company lacks knowledge or information sufficient to form a
        belief as to the truth of the allegations contained in Paragraph 1.

2.      Admitted.

3.      Admitted.

4.      The Coca-Cola Company admits that the plaintiff received pay raises but denies
        plaintiff's characterization of his performance.

5.      The Coca-Cola Company admits that the plaintiff represented that he is an
        African-American of Jamaican descent. The Coca-Cola Company lacks
        knowledge or information sufficient to form a belief as to the truth of this
        representation.  The Coca-Cola Company denies the remaining allegations of this
        paragraph.

6.      The Coca-Cola Company lacks knowledge or information to admit or deny
        matters that the plaintiff claims to be "aware" of as alleged in this paragraph.  The
        Coca-Cola Company denies the remaining allegations of this paragraph.

7.      The Coca-Cola Company admits that Jerry Goodsell is a manager, but denies the
        remaining allegations of this paragraph.

8.      The Coca-Cola Company admits that the plaintiff reported some comments
        allegedly made by Donna Harris  to management at some point but  denies the
        remaining allegations of this paragraph.

# 3134580_v1

9.    Denied.

10.    Denied.

11.    The letter referenced by this paragraph speaks for itself, and the defendant denies any characterization of its terms.

12.    Denied.

13.    The Coca-Cola Company admits that the plaintiff was terminated on January 23, 2004.

14.    Denied.

15.    The Coca-Cola Company denies the allegations of this paragraph, except that it admits that the plaintiff filed an MCAD claim prior to filing this suit.

16.    The Coca-Cola Company repeats and incorporates by reference its responses to paragraphs 1 through 15 above.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    The Coca-Cola Company repeats and incorporates by reference its responses to paragraphs 1 through 20 above.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    The plaintiff repeats and incorporates by reference its responses to paragraphs 1 through 25 above.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    The Coca-Cola Company repeats and incorporates by reference its responses to paragraphs 1 through 30 above.

32.    Denied.

33.    The Coca-Cola Company lacks knowledge or information to admit or deny matters that the plaintiff claims to "believe" as alleged in this paragraph. The Coca-Cola Company denies the remaining allegations of this paragraph.

34.    Denied.

35.    Denied.

## DEFENSES

### FIRST DEFENSE

Thompson's claims are barred by the applicable statutes of limitations.

### SECOND DEFENSE

Thompson failed to mitigate his damages, if any.

### THIRD DEFENSE

Thompson has failed to state a claim against the defendant.

### FOURTH DEFENSE

Thompson's claims fail because he abandoned his position.

### FIFTH DEFENSE

Thompson's claims fail because at all material times, the defendant's conduct was based on legitimate business reasons and therefore was privileged and justified.

### SIXTH DEFENSE

Thompson's claims are barred because the Coca-Cola Company exercised reasonable care to prevent and correct promptly any and all alleged harassing behavior and the plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by the Coca-Cola Company or otherwise to avoid any alleged harm.

# 3134580_v1

## JURY DEMAND

The Defendants hereby request a jury trial as to all issues so triable.

By its attorneys,

HOLLAND & KNIGHT LLP

Steven H. Wright (BBO# 535185)
Paul G. Lannon, Jr. (BBO #563404)
Damon P. Hart (BBO No. 644586)
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

Dated: August 10, 2005