UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| DUDLEY THOMPSON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THE COCA-COLA COMPANY,<br><br>　　　　　　　　Defendant. | Civil Action No. 3:05CV30168 |

## CONFIDENTIALITY STIPULATION
## AND PROTECTIVE ORDER

It is hereby STIPULATED and ORDERED that the parties hereto, through their attorneys, shall be subject to the following terms and conditions with respect to the handling of documents and other discovery produced, given or exchanged by and among the parties and any non-parties to the above action (the "Action").

Terms and Conditions

1. All documents, portions of documents, affidavits, expert reports, and technical, commercial and/or personnel information derived therefrom which are produced for inspection and/or disclosed at a deposition or otherwise, in connection with this Action *shall be deemed automatically as "Confidential – For Litigation Only*," whether or not the document or information is marked or designated as such (hereinafter "Discovery Materials").

2. Discovery Materials shall be used only for purposes of resolving the claims in this action and for no other purpose.

3. Discovery Materials shall not be disclosed, given, shown, made available or communicated in any way to persons other than the following:

#3376445 v1

    a.    Counsel of record for the parties, including paraprofessional and clerical staff assisting counsel in this matter, provided that the paraprofessional and clerical staff are advised of the terms of this Order.

    b.    The named parties and the present and former officers, directors, and employees of such parties.

    c.    Any experts or other persons engaged by the parties who sign a written acknowledgement certifying under oath that they have read the terms of this Order and will abide by its terms, provided; however, that copies of each executed acknowledgement shall be forwarded to all counsel of record by facsimile or hand-delivery at least five (5) business days before any Confidential information is disclosed.

    d.    The Court, its staff, and law clerks of the Court.

4.    Plaintiff will not disclose the existence or contents of the Discovery Materials to any person, except his attorney.

5.    Discovery Materials may be exhibited to witnesses at depositions, hearing, or trial and integrated into pleadings; provided, however, that the Discovery Materials used as exhibits will be kept in the custody of the examining counsel and the witness shall not be allowed to retain copies of the Discovery Materials, unless the witness is otherwise entitled to have access to the Discovery Materials hereunder; and provided further, that if the witness is not otherwise entitled to have access to the Discovery Materials, then the witness shall be advised, prior to the

exhibiting of any Discovery Materials, that this Order precludes the use of the Discovery Materials for any purpose other than the prosecution of claims in this action.

6. The recipient of any Discovery Materials shall maintain such information in a secure and safe area and shall exercise, at a minimum, the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to the recipient's own proprietary information.

7. In the event of an accidental or unintentional disclosure of Discovery Materials, other than in the manner authorized by this Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel and make every effort to prevent further unauthorized disclosure by, among other things, retrieving all such disclosed materials and copies of such materials and endeavoring in good faith to have any unauthorized persons to whom disclosure was made sign the acknowledgement described in paragraph 3(c). The Court may, upon motion, order such further and additional relief as it deems necessary and just.

8. In the event that any document protected by any privilege or the work product doctrine is inadvertently disclosed, the party receiving such a document shall, upon the other party's demand, immediately return it and all copies of it, and no waiver of any privilege or immunity from disclosure shall have occurred.

9. Neither the termination of this lawsuit, the release of any party due to settlement, nor the termination of employment of any person who has had access to any Discovery Materials, shall relieve such person from the obligation of maintaining the confidentiality of such information.

#3376445 v1

10. The recipient of any Discovery Materials hereby agrees to be subject to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

11. The provisions of this Order shall also pertain to documents or exhibits that contain extracts or summaries of the Discovery Materials.

12. To the extent that the Discovery Materials or portions of such are not integrated into work product, the Discovery Materials produced in this action by Defendant, including all copies thereof, shall be returned to Defendant's counsel within thirty days after the conclusion of the Action with postage paid by the Defendant. To the extent that the Discovery Materials or portions thereof are integrated into work product, such materials will remain subject to the provisions of this Order.

13. The parties hereby reserve the right to seek additional confidentiality protection for depositions and other papers which may be served or filed in this action.

| DUDLEY THOMPSON | THE COCA-COLA COMPANY |
|---|---|
| By his attorney | By its attorneys |
| | HOLLAND & KNIGHT LLP |
| /s/ Michael O. Shea | /s/ Damon P. Hart |
| Michael O. Shea, Esq. (BBO #555474) | Steven H. Wright (BBO #535185) |
| LAW OFFICE OF MICHAEL O. SHEA, P.C. | Damon P. Hart (BBO #644586) |
| 451 Main Street | 10 St. James Avenue |
| Wilbraham, MA 01095 | Boston, MA 02116 |
| (413) 596-8005 | (617) 523-2700 |

Dated: April 4, 2006